CRANE v. The REBECCA.    See Cases Nos. 11,618 and 11,619.

---

## Case No. 3,356.

### CRANE v. REEDER et al.

[11 West. Jur. (1877) 153; 15 Alb. Law J. 103; 23 Int. Rev. Rec. 65; 1 Cin. Law Bul. 31.]

Circuit Court, E. D. Michigan.

REMOVAL.

Under the act of March 3, 1875 [18 Stat. 470], providing for the removal of causes from the

state to the federal courts, a cause once tried, but pending, ready for retrial, when the act was passed, is removable.

[Cited in Meyer v. Delaware R. Const. Co., 100 U. S. 473.]

Motion to remand cause to state court.

EMMONS, Circuit Judge. The case is an action of ejectment begun several years since in the circuit court for the county of Wayne. Plaintiff was at the time the action was commenced, and still is, a citizen of the state of Michigan, and defendants are and were aliens, subjects of the queen of Great Britian. No proceedings were taken to remove the case to this court under the act of congress of 1789 [1 Stat. 79], and the case was tried two or three times in the circuit court, with verdict for defendants, which judgments were respectively, upon writ of error, reversed by the supreme court of the state of Michigan, and the case sent back to the circuit for retrial. Subsequent to the trials referred to in the last paragraph, an attempt was made to remove the case to this court under an act of congress of 1867 [14 Stat. 558], but this court and the supreme court of the state held that said act of 1867 was not applicable, and the case was remanded. In this condition of the case, after the passage of the act of congress of March 3, 1875, and before the first term after the passage of said act of March 3 at which the case could be tried, defendants file their petition for the removal of said cause to this court. Said petition bases the right to remove, first, upon the ground that the plaintiff was a citizen of Michigan, and defendants aliens; secondly, upon the ground that the case involved federal questions, within the meaning of said act of March 3, 1875. The plaintiff now moves to remand the cause to the circuit court for the county of Wayne, upon the ground that the said act of March 3, 1875, is not applicable. In ordinary circumstances, a case heard as this has been, during severe illness, would not have demanded a statement of the reasons upon which his judgment rested. The extraordinary history of this litigation, the fact that the supreme court of the state had come to the conclusion that the cause was not removable under the act of 1875, imposes upon me the duty, out of respect to that learned tribunal, and the highly respectable counsel who with so much zeal had argued the case before me, of stating briefly the argument upon which I rely for the retention of this cause in this court.

It is conceded that the cause is one removable to this court provided the application is made in time. The meaning of the following clause in the third section of the act is all which is in controversy here. It provides that a petition must be filed "in such state court before or at the term at which said cause could be first tried, and before the trial thereof." It is argued that, as this cause had been several times tried before the passage of the present act, it was a trial within the meaning of this language, and precluded its removal, notwithstanding all the verdicts resulting from those trials had been set aside. The broad ground is assumed that no cause, although within the general language of the act, "now pending" at the time of its passage, is removable, if it had been at all tried anterior to that time. The argument is also made in the plaintiff's brief, but it was not insisted upon at the hearing, that no cause, the right to remove which had lapsed under the former acts, was removable under this. We have frequently had occasion to refer to the deference, which, for the sake of uniformity, the federal co-ordinate courts ought to extend to each other's judgments where the point in question has been definitely ruled. Although we recognize a limit beyond which we would by no means sacrifice individual judgment to a single or even several adjudications by our circuit and district brethren, we think the condition of judicial opinion upon the point before us is such as to bring the case quite within the rule we have established for ourselves in reference to acquiescence with what has already been decided. We erect in the instance before us no new rule in accepting, as sufficiently authoritative, the judgments already rendered, holding that a cause once tried, but pending, ready for retrial, when the act of 1875 was passed, is removable to the federal court.

The first case which has been called to our attention is that of Andrews' Ex'rs v. Garrett [Case No. 375], decided in the circuit court for the southern district of Ohio, by our very careful and painstaking Brother Swing. The syllabus of the case, sustained by the facts in judgment, is as follows: "1. A suit commenced and actually tried in a state court before the passage of the act of congress of March 3, 1875, but in which a new trial had been granted, and which was pending after the passage of the said act, may be removed from such state court to the circuit court of the United States. 2. The condition of the suit, or the time it had been pending, makes no difference in the jurisdiction." This judgment was approbated by Judge Johnson, in the circuit court for the southern district of New York, in the case of Merchants' & Manufacturers' Bank v. Wheeler [Case No. 9,433]. In this latter case no trial had been had in the state court, but it was contended that the cause must be removed before the first term at which it might be tried in the state tribunal, and, inasmuch as a term had occurred, at which the cause might have been tried; that was an answer to the application, although such period was before the passage of the act. In an argument entirely satisfactory to us, the learned judge shows the act contemplated a term subsequent to the enactment. It is no matter how long the cause may have been pending in the state tribunal, or how many terms in which it might

have been tried have lapsed before the passage of the statute, it is enough if the cause is "now pending," and that no term at which the cause might have been tried has passed since the act of 1875. He quotes with approbation the judgment of Judge Swing, and hints at no distinction between a case where the term has passed before the statute, and where a trial had been had. The statute says the cause must be removed at or before the first term at which it could be tried, and before the trial thereof. The two members of this sentence qualify the same thing. They both refer to an indivisible act, and to hold that a cause may be removed where one clause is applicable, and that it cannot be removed where the other is so, would be to violate every canon of construction, unless there is something growing out of the nature of the case violently constraining it. The judgment of Circuit Judge Sawyer is given in Hoadley v. City of San Francisco [Id. 6,544]. It quotes from and approbates the decision of Judge Swing, and painstakingly argues, and expressly decides, that a cause which had been tried in the state tribunal prior to act of March 3, 1875, carried to the state supreme court, where the judgment was reversed, might, after a remittitur to the court below, in which the cause again stood for trial, be removed to the federal court under this statute. The superior court of Cincinnati, showing by its judgment the point had received its fullest consideration, ruled in the same way, and held that trials and writs of error in the state tribunal anterior to the passage of the act were no objections to a removal, provided the cause came within the general grant of power. Their construction of the act is original, and does not rest upon the federal rulings, although the course of reasoning of the court is in striking conformity with them. With these concurring judgments upon the point, even if conceded doubtful, we should feel constrained to yield our own opinion. With little doubt of what judicial propriety demands we must overrule the motion to remand this cause.

Much discussion was had before us upon the meaning of the words "trial" and "final trial" in the acts of 1866 and 1867. It was contended by the plaintiff that the supreme court, in Home Life Ins. Co. v. Dunn, 19 Wall. [86 U. S.] 214, holding that the act of 1867, by the word "trial," meant only a final trial, and did not include a case where a new trial had been granted, went upon the distinction between the language of that law and the act of 1866 [14 Stat. 307]. From this it was argued that the word "trial" in the present act meant any trial whatever. With this argument we might fully agree, so far as any consequence to be wrought in our judgment is concerned. We do not think it necessary to recur to previous statutes, or their judicial reading, to show that the act of 1875 with entire certainty precludes the removal of a cause if there has been any

trial whatever, provided the trial takes place at a term at which according to the practice of the court it might be rightfully tried. This is too plain for argument; because, whether tried or not, the cause is not removable if a term passes at which it might be tried. As a matter of necessity, therefore, what kind of a trial does the statute contemplate, but solely at what time it must have taken place? Does it intend to include trials occurring before 1875, and to preclude the removal of a cause which is "now pending" and standing for trial after the passage of the act? We do not perceive that the consideration of previous judgments under former laws throws any light upon the question before us. Did we perceive the pertinency of this discussion, we should take some pains to set forth the reasons why we should concur substantially in the judgment of Judge Nelson in Minnett v. Milwaukee & St. P. R. Co. [Case No. 9,636]. We think the acts of 1866 and 1867 should have received the same interpretation. The fact that the supreme court, in Home Life Ins. Co. v. Dunn [supra], pursued a line of argument applicable to and sufficient for the case before it, is not persuasive that it would not have ruled in the same way in reference to the act of 1866.

As an abstraction, few generalities are better settled, and have a larger number of respectable authorities to sustain it, than where statutes provide that a citizen is entitled to rehearings, new trials and reviews, as a matter of course and of right, after one or any number of trials named mistrials, or those which had been set aside for either mistake of the court or jury, are never taken into consideration in determining his right. Especially is it well settled in Michigan that, where a party is entitled to successive new trials as a matter of right, the fact that never so many verdicts have been rendered, so as they have been set aside for error, either in fact or law, has no effect whatever upon this privilege. But this learning answers only the naked literal argument of counsel that where the statute uses the word "trial" generally, without defining its nature, it must necessarily mean any trial whatever. This class of judgments constitutes a reply to such a position, by showing in analogous cases, as an almost universal rule, where the word "trial" is used it means a final, effective, and disposing trial, and that abortive mistrials have not been construed to come within the liberal meaning of such enactments. But we have had occasion heretofore very fully to consider this subject, and have said, after much consideration, that we thought these federal enactments were to be read far more in the light of the objects which they have in view, than by readings of analogous statutes in the state practice. It is conceded that wholly new grounds for removal are created by the late act. Causes then pending where there was no right of removal whatever, beyond all controversy, might be

removed under it. It was also fully conceded in argument before us, as of necessity it must have been, that causes which might originally have been removed under the former acts, but where the party had voluntarily suffered such right to lapse by his neglect, as, for instance, where he might have removed it at the time of entering his appearance, also came within the operation of this statute. That the act does unmistakably revive the power of removal in instances where the party had lost it by delay, is entirely clear. The argument, therefore, that the plaintiff in this case had voluntarily tried his case, has no tendency to show that such act took it without the operation of the statute. The only argument which could be effective is a distinction between the act of an abortive trial, and those other steps and omissions which, under the prior statutes, also waived the right of removal. We listened in vain for any reason whatever showing a distinction between the trial of a cause before the passage of this law, and the omission to file a petition when the appearance of the defendant was entered, or the suffering a term to go by without trying a cause when it might have been tried. What there is in an abortive trial so significant, so going to the dignity of the tribunal in which it takes place, as to show from its nature that the statute could by no means contemplate the removal of a cause after such trial, we have been unable to perceive. After the passage of the act quite a different question is presented. It intends to give the citizen one, and only one, opportunity to remove his cause. That opportunity is rationally fixed at a period when, according to the local practice, the averments by both plaintiff and defendant are theoretically supposed to be all upon the record. It is when the cause is ready for trial. Then for the first time the defendant and the plaintiff know the issue to be tried. He can then for the first time intelligently decide which is the more fit and economical tribunal for the determination of his rights. If he suffers this period to pass, whether he tries his cause or not, is immaterial. It is a term at which he might do so at which the power must be exercised. This one opportunity is intended to be secured to the citizen in all cases when the act of 1875 was passed, provided the case was one which stood for trial at any time subsequent to its passage. A case already finally tried, of course, stands upon a different basis, and is excluded from the statute for entirely different reasons.

After a tribunal as learned as that of the supreme court of Michigan has decided differently, it would be indecorous to say we have no doubt of the rectitude of our present ruling. Its judgment, however, in this case, is accompanied by no reasoning whatever. Its unaided authority, and the respect which we most unfeignedly express for its

rulings, is all we have before us, so far as adjudication is concerned, to constrain a contrary decision on our part. No court, state or federal, it excepted, has ruled this point differently from the judgments we in this case follow. A large majority of the litigants interested in the determination of the questions involved in this litigation are already in this court by original bills in equity. Upon very full consideration, we have determined they have a right to remain here. We have much confidence in the rectitude of that determination. Another cause, involving precisely the same issues, the Michigan supreme court at the same term decided was rightfully removed to this tribunal. The questions involved are those eminently fit for adjudication by the federal court. If our present judgment results in a usurpation of authority, if in truth we have no jurisdiction, we think there is a speedy and economical remedy preliminary to the trial by which that question can be determined. Even if our doubts were very much greater than they are, these considerations would influence us to decide the matter as we do. The motion to remand the cause is overruled.